UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMANDA U. AJULUCHUKU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-2417-G |
| FEDEX KINKO'S OFFICE AND PRINT ) | |
| SERVICES, INC., ) | **ECF** |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the plaintiff,[1] Amanda D. Ajuluchuku ("Ajuluchuku"), 1) to reclassify her original complaint as a personal injury lawsuit; 2) to amend her complaint;[2] and 3) for (unspecified) relief; and the motion of the defendant, FedEx Kinko's Office & Print Center ("FedEx"), to dismiss all claims

---

[1] The plaintiff has filed multiple documents, many of them duplicative of earlier pleadings in her case. The court has attempted to sort through these filings and will address only those motions it considers "live."

[2] The plaintiff has filed two motions to amend, one on March 13, 2006, and another the following day. Docket Entries 22 and 26. The substance of the two motions being identical, the court will consider them as one.

against it for failure to state a claim upon which relief can be granted.  For the reasons stated below, Ajuluchuku's motions are denied and FedEx's motion is granted.

## I. BACKGROUND

According to the complaint, Ajuluchuku visited FedEx's place of business in Atlanta, Georgia, in early September of 2005.  Complaint at 1.  She walked in with a cane.  One employee sold her floppy disks but directed Ajuluchuku to another employee when she inquired about stamped labels.  *Id*.  While Ajuluchuku was dealing with this second employee, the employee became confrontational and yelled, "You are asking too many technical questions."  *Id*.  Although Ajuluchuku "reminded him of [her] disability," the employee continued to yell, thereby "increas[ing] the intensity of [Ajuluchuku's] disability."  *Id*. at 2.  Allegedly falling several times because of ensuing seizures, Ajuluchuku left the store without purchasing the stamped labels.  *Id*.

On December 9, 2005, Ajuluchuku filed this case, seeking nine trillion dollars under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").[3]  Complaint at 1, 3.  In March of 2006, she filed a motion to reclassify her complaint as a personal injuries suit "including discrimination based upon disability and national origin," as well as several motions to amend her complaint.  Docket Entries 20, 22, and 26.  The following month, FedEx filed a motion to dismiss all

---

    [3]    Under Title III, only injunctive relief is permitted.  42 U.S.C. § 12188(a); 28 C.F.R. § 36.501.

claims against it. Docket Entry 40. Finally, in early May 2006, Ajuluchuku filed a motion for (unspecified) relief. Docket Entry 49.

## II. ANALYSIS

### A. Ajuluchuku's Motion to Amend and Reclassify Her Complaint

This case can only be understood in reference to Ajuluchuku's litigation history. In *Ajuluchuku v. Yum! Brand Inc., Ltd.*, No. 3:05-CV-826, 2006 WL 1523218 (W.D. Ky. May 23, 2006),[4] a case with strikingly similar allegations -- and identical turns of phrase -- the court described Ajuluchuku's claims as "nothing less than frivolous" and dismissed the case. *Id*. at *2. The court also recounted Ajuluchuku's litigation history in the federal courts. As of May 22, 2006, the court found that Ajuluchuku had filed 192 separate civil actions across the United States in less than three years. *Id*. Noting that most of these cases were dismissed as frivolous, the court also described how one other federal district court had declared Ajuluchuku to be a vexatious litigant because of her "abuse of the federal judicial system." *Id*.

---

[4] Just as in the instant case, Ajuluchuku sought nine trillion dollars in damages as compensation for alleged violations of the ADA, described her disability in identical terms, and referred to the defendant's employees as "black." In addition, the court in the *Yum! Brand* case noted that "[t]he allegations, causes of action, and even amount of damages sought by Plaintiff in this action mirror those contained in Plaintiff's other complaints, the majority of which have been dismissed as frivolous." 2006 WL 1523218, at *1 n.4.

Rather than wasting resources by setting forth a detailed analysis,[5] the court will instead summarily deny Ajuluchuku's motions to reclassify and amend her complaint. In addition to evidencing a bad faith effort to abuse the judicial process, Ajuluchuku's proposed amendments of her complaint are futile because she has not averred facts sufficient to sustain the claims alleged. Accordingly, these motions are denied.

B. Ajuluchuku's Motion for Relief

Ajuluchuku has also filed a motion for relief, although the court is unsure as to what relief she requests. Mentioning defense counsel's conduct regarding depositions and telephonic conferences, Ajuluchuku goes on to state that she is "in dire financial need" and requests that the court "grant [her] relief in the above-captioned case." Motion for Relief at 1. There being no apparent basis for the motion, the motion is denied.

---

[5] Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id.* at 182. When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . ." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994).

C.  FedEx's Motion to Dismiss Under Rule 12(b)(6)

1.  *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE:  CIVIL § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).  Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.  *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted

factual deductions will not suffice to prevent a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend her claim rather than dismiss it. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F. Supp. 437, 438 (N.D. Tex. 1996). Furthermore, leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal. *Willard*, 336 F.3d at 386.

2. *Ajuluchuku's Complaint*

FedEx argues that the complaint against it should be dismissed for two reasons. Defendant's Motion to Dismiss Under F.R.C.P. 12(b)(6) and Brief in Support at 3. First, Ajuluchuku's complaint seeks only monetary damages, a form of relief that is unavailable under Title III of the ADA. *Id.* Second, Ajuluchuku's complaint fails to plead facts sufficient to allege a *prima facie* case of discrimination under the ADA. *Id.* at 4-6.

The court agrees. As stated above, monetary damages are not available under Title III of the ADA. See *Todd v. American Multi-Cinema, Inc.*, 222 F.R.D. 118, 120 n.2 (S.D. Tex. 2003) ("There is no remedy for monetary damages under the [ADA].") (citing 42 U.S.C. § 12188(a); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968)); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006); *Wander v. Kaus*, 304

F.3d 856, 858 (9th Cir. 2002). FedEx's motion to dismiss should be granted on this ground.

Moreover, the facts alleged by Ajuluchuku in her complaint are not sufficient to sustain a claim under Title III. To establish a *prima facie* case of discrimination under the ADA, Ajuluchuku must prove three things: 1) she has a disability; 2) FedEx's business is a place of public accommodation; and 3) she was denied full and equal treatment because of her disability. *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005) (citing *Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994)). More importantly, Ajuluchuku must show that she was "denied access under circumstances which give rise to the inference that such denial was based solely on [her] disability." *Id*. at 1129. Even if it is assumed that Ajuluchuku can establish the first two elements, she cannot make a *prima facie* case of discrimination. Ajuluchuku claims that "[i]n the end, [the employee] failed to serve me because he said that I was asking too many technical questions." Complaint at 2. Rather than asserting that she had experienced discrimination solely because of her disability -- the third element of the *prima facie* case -- Ajuluchuku's own complaint indicates that her treatment by the second employee was a result of her behavior. In addition, FedEx through its first employee provided Ajuluchuku with goods earlier in the visit; she purchased floppy disks without difficulty. Therefore, instead of describing a situation

in which she was deprived of goods or services because of her disability, Ajuluchuku describes an all too common occurrence in American life: employees who are either rude or unhelpful.

### III.  CONCLUSION

For the reasons stated above, Ajuluchuku's motions are **DENIED** in their entirety and FedEx's motion to dismiss is **GRANTED**.  Any motions of Ajuluchuku that have not been addressed expressly in this order are hereby **DENIED**.  In addition, because Ajuluchuku has filed numerous -- and similarly phrased -- cases that have been dismissed for failure to state a claim upon which relief can be granted, see *Yum! Brand, Inc.*, 2006 WL 1523218, at *2, the court finds that she was well aware that this suit lacked merit and would not be successful.  See *Ajuluchuku v. Southern New England School of Law, et al.* at 21-28, *attached to* Defendant's Response to Motion for Leave to Amend and Brief in Support *as* Exhibit 2.  Accordingly, this suit is **DISMISSED** with prejudice.  Finally, on June 26, 2006, FedEx filed a motion for a status conference.  Because this suit has been dismissed, the motion for a status conference is **DENIED** as moot.

    **SO ORDERED**.

June 30, 2006.

                                                             A. JOE FISH
                                                             CHIEF JUDGE